IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WYATT COWLEY and CRAIG W. BAGLEY,<br><br>Plaintiffs,<br>v.<br><br>ROUSH FENWAY KESELOWSKI RACING, LLC,<br><br>Defendant. | 1:25-CV-891 |

**JUDGMENT**

For the reasons set forth in the Order filed contemporaneously with this Judgment, it is hereby ORDERED AND ADJUDGED that:

1. The Plaintiff's motion for final approval of class action settlement, D.E. 21, is GRANTED.

2. For purposes of this settlement, the Court finally certifies the class as defined in the settlement agreement, D.E. 22, at p. 7, certifies Wyatt Cowley as class representatives, and confirms the appointment of Plaintiff's counsel as class counsel.

3. The Plaintiff's motion for attorneys' fees and expenses, D.E. 23, is GRANTED to the extent that:

    a. Class counsel will be awarded attorneys' fees of $91,068.50.

    b. Class counsel shall be reimbursed $772.10 for expenses.

    c. Class representative Cowley shall be awarded $100.

4. The settlement administrator shall make all required payments from the settlement fund in accordance with the amounts and times in the settlement agreement, including all payments to identifiable settlement class members whose summary notices were not returned and who did not opt out of the settlement and to any other class member who submitted an approved claim.

5. All funds held by the settlement administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed pursuant to the settlement or further order of the Court.

6. No later than October 19, 2027, the settlement administrator shall file a final status report setting forth a summary of all payments to class members, a list of all other disbursements, the status of disbursements, and any work necessary to conclude its duties.

7. This Order applies to all claims or causes of action settled under the settlement agreement and binds all settlement class members, including those who did not properly request exclusion under the preliminary approval order. This order does not bind persons or entities who submitted timely and valid requests for exclusion.

8. The plaintiffs and all settlement class members who did not properly request exclusion are deemed to have completely released and forever discharged the released parties for the released claims. The full terms of the release described in this paragraph are in the settlement agreement and are specifically incorporated herein by this reference.

9. No person or entity shall have any claim against the defendants, defense counsel, the released parties, the plaintiff, the settlement class members, class counsel, or the settlement administrator based on distributions and payments made in accordance with the settlement agreement.

10. The Court hereby enters FINAL JUDGMENT, and all claims are DISMISSED with prejudice. Without affecting the finality of the judgment entered, the Court reserves jurisdiction over the implementation of the settlement.

This the 19th day of October, 2026.

/s/ David A. Bragdon
United States District Judge